**IN THE COURT OF APPEALS OF IOWA**

No. 18-1326
Filed October 10, 2018

**IN THE INTEREST OF R.C.,**
**Minor Child,**

**M.C., Mother,**
        Appellant.

_____

        Appeal from the Iowa District Court for Pottawattamie County, Craig M.

Dreismeier, District Associate Judge.


        A mother appeals the termination of her parental rights to her son.

**AFFIRMED.**


        Sara E. Benson of Benson Law, PC, Council Bluffs, for appellant mother.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

        Te'ya T. O'Bannon-Martens of O'Bannon Law, PC, Council Bluffs, guardian

ad litem for minor child.


        Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**TABOR, Judge.**

A mother, Michelle, appeals the termination of her parental rights to her son, R.C., who was born in October 2017.[1] She argues the State failed to prove the statutory grounds for termination by clear and convincing evidence and termination is not in R.C.'s best interests because it would damage his emotional well-being.[2] Upon our de novo review of the record, we agree with the conclusions of the juvenile court and affirm the termination order.[3]

R.C. tested positive for amphetamines and cannabinoids at birth. The Iowa Department of Human Services (DHS) removed him from Michelle's custody and placed him in family foster care. On the day of removal, Michelle began treatment at an inpatient substance-abuse treatment facility. During the first month, she showed promise in her rehabilitation. But in late November, Michelle "snuck out" of the facility and did not return. After leaving treatment, her contact with the DHS was inconsistent. The juvenile court adjudicated R.C. as a child in need of assistance (CINA) in December 2017.

The DHS worker advised Michelle the treatment facility would allow her to return if she completed a substance-abuse evaluation. She completed the

---

[1] The father's parental rights were also terminated. He is not a party to this appeal.
[2] The mother also argues the State failed to make reasonable efforts to facilitate reunification. We agree with the State that the mother has failed to preserve error on the reasonable-efforts issue, as she never asked for services beyond those offered. *See In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002) ("[I]f a parent fails to request other services at the proper time, the parent waives the [reasonable-efforts] issue and may not later challenge it . . . ."). Therefore, we do not consider the argument.
[3] Appellate review of termination-of-parental-rights proceedings is de novo. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)). Our primary consideration is the best interests of the child. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

evaluation in early January 2018 but took no additional steps to resume treatment at that time. Michelle underwent a second evaluation in March and again received word she could return to treatment. Still she did not re-engage. Michelle testified she did not go back to the facility because she had warrants out for her arrest.

Throughout the CINA case, the DHS offered Michelle one to two supervised visits per week with R.C. From December 2017 through May 2018, Michelle attended only one visitation. At the time of the termination hearing in June, she had not seen her son in more than six months. According to her testimony, Michelle was using illegal drugs "almost" the entire time since her November departure from treatment.

The State ultimately petitioned to terminate her parental rights. At the time of the termination hearing, Michelle was incarcerated at the Pottawattamie County jail after being arrested one week earlier. Despite her incarceration, Michelle testified in person. When her attorney asked why Michelle had not seen R.C. since January, she admitted to "being rather selfish and not thinking of him." She then claimed she was motivated to change and would be "grateful for [the court] to give [her] a little more time." After considering her testimony and the State's evidence, the juvenile court terminated Michelle's parental rights under Iowa Code subsections 232.116(1)(b), (e), (h), and (*l*) (2018). She now appeals.

Michelle first challenges the sufficiency of the evidence supporting termination. "[W]e may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). As to termination under paragraph (h), Michelle does not dispute R.C. is three years or younger, has been adjudicated a CINA, and has

been removed from her care for the last six consecutive months with no trial periods at home. *See* Iowa Code § 232.116(1)(h)(1)–(3).

As to the final element, she argues "in the near future, upon her release from incarceration, the child could be placed with [her] at an inpatient facility." Her argument amounts to a concession R.C. could not be returned to her care at the time of the termination hearing. *See id.* § 232.116(1)(h)(4); *D.W.*, 791 N.W.2d at 707 (interpreting the statutory language "at the present time" to mean "at the time of the termination hearing"). The record includes clear and convincing evidence Michelle was not presently in a position to provide for her son. We conclude the juvenile court properly terminated her rights under section 232.116(1)(h).

Next, Michelle contends termination would be detrimental to R.C.'s emotional well-being. In determining whether termination is in a child's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). After scrutinizing the record, we find R.C.'s best interests are served by terminating Michelle's parental rights. Michelle has had limited involvement with R.C. since his birth, resulting in little to no parent-child bond. As noted by the juvenile court, her continued substance abuse creates a dangerous situation for her son. He is young and adoptable. Severing the parental relationship will lead to permanency and stability for this child.

To the extent Michelle claims Iowa Code section 232.116(3)(c) should preclude termination, it is her burden to show the provision applies. *Cf. A.S.*, 906 N.W.2d at 476 (assigning the burden of proving an exception to termination under

Iowa Code section 232.116(3) to the parent). We find no evidence in the record "termination would be detrimental to the child . . . due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c). As a result, that permissive ground does not interfere with termination here.

We find no basis to disturb the juvenile court order terminating the mother's parental rights.

**AFFIRMED.**